# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| METRO PONY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:11-cv-00144-JPG-DGW ) |
| CITY OF METROPOLIS, an Illinois municipal corporation, | ) ) ) ) |
| Defendant. | ) |

# ORDER

Pending before the Court is a Motion for Protective Order filed by Defendant City of Metropolis's (Doc. 30). Plaintiff Metro Pony, LLC filed a Memorandum in Opposition (Doc. 32) and Defendant filed a Reply (Doc. 35). Having considered the pleadings and the parties' briefs, the Court hereby **GRANTS** the motion.

This case is a pre-enforcement constitutional challenge to a legislative enactment, Metropolis Ordinance 2011-2 which regulates sexually oriented businesses within the City. The complaint challenges only Ordinance 2011-2. Plaintiff served a notice to take the deposition of the mayor of Metropolis, who approved the Ordinance and signed it into law. *See* 65 ILCS 5/3.1-40-45 (providing that "if the mayor approves an ordinance or resolution, the mayor shall sign it," but that "[t]hose ordinances, resolutions, and motions which the mayor disapproves shall be returned to the city council, with the mayor's written objections, at the next regular meeting of the city council . . . .").

Plaintiff's complaint alleges that the mayor—who serves as the Local Liquor Control Commissioner and who previously granted it a liquor license—made statements expressing his personal disapproval of Plaintiff's business, that these statements show that the Defendant's

motive in adopting the Ordinance was hostility to Plaintiff's "message," and that this improper motive renders the Ordinance unconstitutional (Doc. 2).

Defendant moves for a protective order preventing the deposition, arguing that the mayor is entitled to legislative immunity and its corresponding testimonial privilege, and that the personal beliefs of elected officials are irrelevant to the constitutionality of the Ordinance (Doc. 30).

The Federal Rules of Civil Procedure provide that a "court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. 26(c). A court may also specify the time or place of discovery, or forbid the disclosure or discovery of certain matters. Fed. R. Civ. P. 26(c)(1)(A) and (B). The party seeking the protective order has the burden of showing good cause. *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007) (citing *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994)).

"The doctrine of legislative immunity is well-established by Supreme Court and circuit precedent; state and local officials are absolutely immune from federal suit for personal damages for their legitimate legislative activities." *Empress Casino Joliet Corp. v. Blagojevic*, Nos. 09-3975, 10-1019, 2011 WL 710467, *5 (7th Cir. Mar. 2, 2011)(citing *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998)). The Supreme Court has also extended common law legislative immunity to local legislative officials as well as non-officials engaged in legislative functions. *See Bogan*, 523 U.S. at 55 ("The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local legislators."); *Supreme Court of Va. v. Consumers Union of the United States*, 446 U.S. 719, 732 (1980) (extending immunity to state supreme court justices promulgating professional responsibility code); *Gravel v. United States*, 408 U.S.

606, 608-10 (1972) (holding that legislative aide could invoke privilege where aide was engaged in conduct for which the privilege would apply to legislator). "[E]ven those who generally serve in an executive position may be entitled to absolute immunity from suit when their duties encompass acts necessary to the process of enacting legislation." *Fralin & Waldron, Inc. v. Henrico County, Va.*, 474 F. Supp. 1315, 1320 (E.D. Va. 1979).

If a legislator is shielded from liability by absolute legislative immunity, then evidentiary and testimonial privileges preclude a party from deposing the official. *See Bannum, Inc. v. City of Beaumont, Texas*, 236 F. Supp. 2d 633, 634 (E.D. Tex. 2002) (granting motion for protective order precluding deposition of Beaumont City Council members, members of the Planning and Zoning Commission, Planning Director, and City Clerk); *see also Buonauro v. City of Berwyn*, Case No. 08-C-6687, 2011 WL 116870 (N.D. Ill. Jan. 10, 2011) (following *Bannum*); *Bagley v. Blagojevich*, No. 05-3156, 2008 WL 4724310, *3 (C.D. Ill. Oct. 22, 2008)(granting a motion for protective order precluding the deposition of the former Governor).

Additionally, legislative immunity applies to mayors. *See Bogan*, 523 U.S. at 55 (the Supreme Court applied absolute legislative immunity to a mayor who signed an ordinance into law); *Empress Casino Joliet Corp.* 2011 WL 710467 at *6 (citing *Bogan* for this proposition). Plaintiffs correctly note that the mayor is not a "legislator" and did not "vote on the ordinance." Technically, these statements are true. But neither precludes application of the legislative immunity doctrine to bar his deposition. "Cases decided since *Tenney* have made clear that this immunity extends to all state and local officials, including those outside the legislative branch, for the performance of acts that are legislative in character or function." *Id.*

Since the mayor himself was not sued in this case, the real issue is whether the immunity is accompanied by evidentiary and testimonial privileges barring the mayor's deposition.

Plaintiff quotes *Bannum, Inc. v. City of Beaumont, Texas*, 236 F. Supp. 2d 633, 634 (E.D. Tex. 2002), for the proposition that legislative immunity protects its holder from only damages liability (Doc. 32). This case, however, goes on to state, "If shielded from liability by absolute legislative immunity, evidentiary and testimonial privileges preclude the Plaintiff from deposing the Defendants." *Id*. at 634. *Bannum*, in turn, cites *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292 (D. Md. 1992), which explains that:

> Legislative immunity not only protects state legislators from civil liability, it also functions as an evidentiary and testimonial privilege. In *Dombrowski v. Eastland*, 387 U.S. 82, 85, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967), the Court acknowledged that, to effectuate the purposes of the doctrine of legislative immunity, legislators "should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." Thus, a state legislator acting "within the sphere of legitimate legislative activity" may not be a party to a civil suit concerning those activities, **nor may he be required to testify regarding those same actions.** *See Schlitz v. Commonwealth of Virginia*, 854 F.2d 43, 46 (4th Cir.1988) ("**[t]he purpose of the doctrine is to prevent legislators from having to testify regarding matters of legislative conduct, whether or not they are testifying to defend themselves.**"). The privilege is a personal one and may be waived or asserted by each individual legislator.

*Id*. at 297-98 (footnote omitted; emphasis added).

In accordance with the purpose of absolute legislative immunity, the scope of the testimonial privilege is broad. The purpose of legislative immunity "is to insure that the legislative function may be performed independently without fear of outside interference." *Supreme Court of Virginia v. Consumers Union, Inc.*, 446 U.S. 719, 732 (1980). That interference exists not only when legislators are sued, but also when they are called to defend a lawsuit, because this "creates a distraction and forces Members to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 503 (1975). These purposes apply "with equal force to local legislators." *Bogan*, 523 U.S. at 53. Thus, the corollary testimonial "privilege prevents a litigant

4

from deposing an unwilling legislator to probe for evidence with which to support the litigant's challenge to a legislative decision as improperly motivated, procedurally defective or otherwise infirm." *Dyas v. City of Fairhope*, No. 08-0232, 2009 WL 3151879, *9 (S.D. Ala. Sept. 24, 2009). The privilege "applies to questioning seeking to undermine that decision, including questioning concerning acts that are not themselves legislative and thus not independently privileged." *Id*. Thus, when the Supreme Court in *Bogan* held that "it simply is not consonant with our scheme of government for a court to inquire into the motives of legislators," 523 U.S. at 55 (internal quotes omitted), the Court did not open the door for proving legislative intent by indirection:

> A privilege that prohibits a plaintiff from asking a legislator what was said in the decisive meeting but allows questions concerning any potential influences on his or her decision-such as conversations with constituents, review of documents and other information-gathering, as well as potential bias-offers a legislator no protection worth having. Independence is equally threatened by the scrutiny, motives are probed by indirection, and the hassle and distraction are if anything enhanced.

*Dyas*, 2009 WL 3151879 at *9; *see also Kay v. City of Rancho Palos Verdes*, No. CV-02-03922, 2003 WL 25294710 at *11 (C.D. Cal. Oct. 10, 2003) ("Requiring testimony about communications that reflect objective facts related to legislation subjects legislators to the same burden and inconvenience as requiring them to testify about subjective motivations."); *MLC Automotive, LLC v. Town of Southern Pines*, 2007 WL 128945 at *5-6 (M.D. N.C. 2007) (precluding inquiry into related non-legislative matters preceding the challenged legislative decision because otherwise "the testimonial privilege would effectively be eviscerated").

Therefore, pursuant to the Federal Rules of Civil Procedure 26(c), good cause exists for the entry of a protective order. Under the foregoing principles, the mayor of the City of Metropolis is entitled to absolute immunity, *Bogan-Scott*, 523 U.S. at 55, and retains a

testimonial privilege that precludes his deposition. *Bannum, Inc.*, 236 F. Supp. 2d at 634. Accordingly, Defendant's Motion for Protective Order. (Doc. 30) is **GRANTED**.

    **IT IS SO ORDERED.**

    **DATED:  May 3, 2011**

                                                                           */s/ Donald G. Wilkerson*
                                                                         **DONALD G. WILKERSON**
                                                                         **United States Magistrate Judge**