UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

METRO PONY, LLC,

    Plaintiff,

  v.

CITY OF METROPOLIS,

    Defendant.

Case No. 11-cv-144-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Magistrate Judge Donald G. Wilkerson's order (Doc. 37) granting defendant City of Metropolis' motion for a protective order (Doc. 30) preventing the deposition of Metropolis Mayor Billy McDaniel. Plaintiff Metro Pony, LLC has objected to that order (Doc. 39), and Metropolis has responded to that objection (Doc. 40).

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Wilkerson's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

This case is a constitutional challenge to Metropolis Ordinance 2011-2, which establishes licensing requirements for sexually oriented businesses within Metropolis. The ordinance was passed by the Metropolis City Council and signed by Mayor McDaniel. Metro Pony seeks to depose McDaniel regarding a number of matters, not all of which pertain to his personal motivations for signing the subject ordinance. Magistrate Judge Wilkerson held that the doctrine of absolute legislative immunity and a corresponding testimonial privilege shielded McDaniel

from the burden of participating in a deposition.

It is well-established that legislators are absolutely immune from liability for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 48-49 (1998) (citing *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951)). This rule applies to federal, state, regional and local legislators. *Bogan*, 523 U.S. at 49, 54; *Empress Casino Joliet Corp. v. Blagojevich*, 638 F.3d 519, 527 (stating "state and local officials are absolutely immune from federal suit for personal damages for their legitimate legislative activities."), *vacated in part on other grounds*, 2011 WL 1678186 (7th Cir. Apr. 13, 2011). The Supreme Court has reasoned, "Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability." *Bogan*, 523 U.S. at 52. Whether an activity is legislative and therefore subject to legislative immunity turns on the nature of the act itself, and even non-legislators are entitled to legislative immunity when they perform legislative acts. *Id.* at 54-55 (finding mayor protected by legislative immunity for signing ordinance into law); *Empress Casino*, 638 F.3d at 528.

"[L]egislative immunity protect[s] legislators engaged in legislative actions 'not only from the consequences of litigation's results but also from the burden of defending themselves.'" *Bagley v. Blagojevich*, No. 10-1389, 2011 WL 1632045, at *17 (7th Cir. 2011) (quoting *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967) (*per curiam*)); *see Bannum Inc. v. City of Beaumont*, 236 F. Supp. 2d 633, 634 (E.D. Tex. 2002) (noting that if legislative immunity protects a defendant, that defendant also has a testimonial privilege that prevents him from being deposed). Defending themselves from civil actions diverts a legislator's time, energy and attention from legislative tasks and can unnecessarily delay and disrupt the legislative function. *Bagley*, 2011 WL 1632045, at *17 (citing *Eastland v. United States Servicemen's Fund*, 421

2

U.S. 491, 502-03 (1975)).

Some courts have applied broadly the testimonial privilege that accompanies legislative immunity while others have balanced the legislative independence protected by the privilege with the need for full development of the facts.  *See Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 116870, at * 9 (N.D. Ill. Jan. 10, 2011) (citing *Miles-Un-Ltd., Inc. v. Town of New Shoreham,* 917 F. Supp. 91, 98 (D.N.H. 1996);  *Dyas v. City of Fairhope*, No. 08-0232-WS, 2009 WL 3151879, at *9 (S.D. Ala. Sept. 24, 2009);  *In re Grand Jury (Granite Purchases)*, 821 F.2d 946, 957 (3d Cir. 1987); *Manzi v. DiCarlo,* 982 F. Supp. 125 (E.D.N.Y. 1997)), *modified in part by* 2011 WL 2110133 (N.D. Ill. May 25, 2011).  No party has cited a case from the Supreme Court or the Seventh Circuit regarding the scope of the testimonial privilege where the party claiming the privilege is not a defendant or a virtual alter ego of a defendant.

In the absence of any binding precedent applying the doctrine of legislative immunity and its corresponding testimonial privilege to a non-party, this Court is not inclined to do so. McDaniel is not a defendant in this case, and Metro Pony seeks no relief from him based on his clearly legislative act of signing Metropolis Ordinance 2011-2 into law.  Thus, the original purposes of legislative immunity – to shield legislators from liability for their legislative acts – would not be served by applying the doctrine in the case at bar.

Alternatively, even if McDaniel were eligible for a testimonial privilege concerning his legislative act of signing Metropolis Ordinance 2011-2 into law, the Court would not apply the doctrine in this case to completely foreclose his deposition.  The Court notes that one of the key issues in this case is likely to be Metropolis' predominant concern in passing the Ordinance. That may be the factor determining whether the Court will give strict or intermediate scrutiny to the relationship between the Ordinance and the governmental interests involved.  *R.V.S., L.L.C.*

*v. City of Rockford*, 361 F.3d 402, 407 (7th Cir. 2004). Of course, in speaking of an ordinance's concern or purpose, the Court is not referring to the subjective intent of the individual legislators responsible for the Ordinance's passage but to the effect of the legislation. *See Grossbaum v. Indianapolis-Marion County Bldg. Auth.*, 100 F.3d 1287, 1292 n.3 (7th Cir. 1996). Who could better give important testimony to the anticipated effect of an ordinance than a mayor? Thus, McDaniel's testimony is important to this case and its value outweighs the interests served by extending a testimonial privilege to cover his limited legislative conduct. For these reasons, the Court will allow Metro Pony to depose McDaniel.

As for the topics to be permitted during that deposition, Metropolis objects to inquiries regarding McDaniel's subjective intent because that intent is not relevant to this case. *See DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 828 (7th Cir. 1999) ("The actual motives of those who enacted the ordinance are irrelevant to our First Amendment analysis."). It is true that the scope of discovery under the Federal Rules of Civil Procedure is broad in scope, permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" or that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes*, No. 00 C 2737, 2001 WL 969037, at *1 (N.D. Ill. Aug. 24, 2001). Discovery does not, however, extend to irrelevant matters that are not likely to lead to the discovery of admissible evidence.

Here, McDaniel's personal motives for approving Ordinance 2011-2 are not relevant to any party's claim or defense and are not likely to lead to relevant, admissible evidence. For this reason, the Court will bar any inquiry into those personal motives. Metro Pony may, however,

inquire into the governmental concerns and purposes for passage of the ordinance, matters clearly relevant to this case.

For the foregoing reasons, the Court **VACATES** the protective order entered by Magistrate Judge Wilkerson (Doc. 37), **DENIES** Metropolis' motion for a protective order (Doc. 30) preventing McDaniel's deposition but **ORDERS** that no party shall inquire into McDaniel's personal motives for approving Ordinance 2011-2.  This order terminates Metro Pony's appeal of Magistrate Judge Wilkerson's order (Doc. 39).

**IT IS SO ORDERED.**
**DATED:  July 13, 2011**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**